PETERSON, Judge.
Eric Russaw’s assistant public defender filed a notice of appeal on October 17,1990, pursuant to his client’s instruction to seek appellate review of his sentence. An order of indigency was also requested, but the trial judge who considered the request, and who was also the sentencing judge, denied the application for the order. The order of denial states, in part, “The Defendant simply does not like his sentence — the appeal is frivolous.” A copy of the order of denial was furnished to the public defender, but not to the petitioner. This court also received a copy of the trial court’s order and issued an order directing the petitioner either to file a certified copy of a lower court order of insolvency or to pay the filing fee. Again, the petitioner was not furnished with a copy of this court’s order. Inexplicably, the assistant public defender neither filed a response to this court’s order nor sought review of the trial court’s denial of an order of indigency under rule 9.430, Florida Rules of Appellate Procedure.
Russaw now seeks belated appellate review of his sentence by filing a petition for writ of habeas corpus with this court. He indicates in his petition that he was advised by a trial judge to follow this procedure since it was this court that dismissed the original appeal. The state’s response indicates that it has no objection to the petition.
We cannot grant the writ without knowing Russaw’s present financial status and appointing a commissioner to take testimony regarding the alleged facts surrounding the public defender’s failure to react to the original denial of the order of indigency. An affidavit of indigency was neither attached to the instant petition nor filed in the original direct appeal that was dismissed for failure to pay the filing fee.
The assistant public defender’s failure to seek appropriate review in this court of the order declining to enter an order of insolvency may have constituted ineffective assistance of trial counsel. We therefore transfer this matter to the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida, with instructions to treat Russaw’s petition for writ of habeas corpus as a motion for post-conviction relief under rule 3.850 of the Florida Rules of Criminal Procedure.
GOSHORN, C.J., and DIAMANTIS, J„ concur.